410 F.Supp.2d 848 (2006)
Mary REIFSTECK, Plaintiff,
v.
PACO BUILDING SUPPLY CO., a wholly owned subsidiary of C.F. Vatterott & Co., Defendant.
No. 4:04 CV 742 RWS.
United States District Court, E.D. Missouri, Eastern Division.
January 24, 2006.
*849 Robert G. Johnson, Regional Attorney, Barbara A. Seely, Supervisory Trial Attorney, Melvin D. Kennedy, Senior Trial Attorney, for Equal Employment Opportunity Commission.
Andre E. Townsel, John P. DeMoor, for Plaintiff.
David H. Luce, Paula Finlay Luepke, for Defendant.

MEMORANDUM AND ORDER
SIPPEL, District Judge.
Plaintiff Mary Reifsteck's alleges that she was subjected to employment discrimination by her former employer Defendant Paco Building Supply. One of her allegations is that she was fired by Paco during a mediation session conducted by the Equal Employment Opportunity Commission.
In pursuing discovery for this allegation, Paco served the EEOC mediator, Maria Schulte, with a subpoena for a deposition and production of documents relating to the mediation. The EEOC has filed a motion to quash the subpoena. In support of its motion, the EEOC states that 29 C.F.R. § 1610.32 prevents EEOC employees from testifying or producing documents in response to a subpoena without the prior approval of the EEOC's Legal Counsel. The EEOC's Legal Counsel has declined to allow Ms. Schulte to comply with the subpoena. Schulte's refusal to comply is appropriate based on the promulgation of § 1610.32. United States ex. rel. Touhy v. Ragen, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).
Paco is not left without a remedy. It may, among other options, proceed under the Administrative Procedure Act, 5 U.S.C. § 704, and challenge the EEOC's decision not to allow Ms. Schulte to testify or produce documents.
Accordingly,
IT IS HEREBY ORDERED that the EEOC's motion to quash the subpoena served upon Maria Schulte in this matter [# 62] is GRANTED.